533 So.2d 338 (1988)
Jerome A. GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2228.
District Court of Appeal of Florida, Fifth District.
November 17, 1988.
Mark D. Shelnutt, P.A., Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
ORFINGER, Judge.
The State suggests that we did not correctly apply Coy v. Iowa, ___ U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) to the facts of this case. Further review convinces us that the State's position is correct, and we therefore grant rehearing, withdraw the original opinion in this case and substitute the following in its place.
At trial, the judge allowed the prosecution to place a one-way mirror in the courtroom between the defendant and the 13 year old victim-witness. Although the defendant objected, it was only on the basis that "[i]t might create, in the jury's mind, *339 an impression that she's afraid of him." The appellant's only issue on appeal is the alleged error of the trial court in permitting the use of the screen. Although Coy had not been decided when this appeal was filed, appellant relies on it by way of supplemental authority.
In Coy v. Iowa, supra, the defendant objected to the placing of a screen between himself and the witness stand while the two 13 year old victim-witnesses were testifying, specifically arguing that this procedure violated his Sixth Amendment right to confrontation. Although the Supreme Court agreed that the placement of the screen violated defendant's constitutional right of confrontation, the court majority rejected the suggestion that the error was fundamental and per se reversible, and instead held that such violation of the Confrontation Clause was subject to the harmless error standard of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), reversing the judgment and remanding the case to the Iowa Supreme Court to determine the issue of harmless error.
Constitutional errors which are not of a fundamental character are waived unless timely and properly objected to in the trial court. Ray v. State, 403 So.2d 956, 960 (Fla. 1981); Clark v. State, 363 So.2d 331, 333 (Fla. 1978). An error which may be categorized as harmless is not per se reversible, State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and may be waived if not objected to. In Steinhorst v. State, 412 So.2d 332 (Fla. 1982), the court held:
Except in cases of fundamental error, an appellate court will not consider an issue unless it is presented to the lower court ... Furthermore, in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception or motion below. [Citations omitted].
Id. at 338. See also Sanderson v. State, 390 So.2d 744 (Fla. 5th DCA 1980).
The objection that the jury might believe that the witness might be afraid of the defendant did not present to the trial court the issue of defendant's right of confrontation, and that issue was therefore not preserved for appellate review. With the confrontation issue not properly raised in the trial court or before us for review, we cannot say that the trial court otherwise abused its discretion in permitting the use of the mirror. The judgment of conviction is therefore affirmed.
AFFIRMED.
COBB, J., concurs.
COWART, J., dissents without opinion.