534 So.2d 1234 (1988)
Robert David ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2701.
District Court of Appeal of Florida, Second District.
December 14, 1988.
*1235 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant, Robert David Ellis, appeals his convictions and sentence for sexual battery and lewd and lacivious conduct claiming that the trial court failed to sever an improper count from the information. We agree.
Counts I, II, and III of the information charged defendant with committing a sexual battery by digital penetration upon T.M. (age 9) and A.V.Y. (age 7) between October 1, 1986, and December 25, 1986. Count IV of the information charged defendant with committing a lewd and lascivious act with K.H. (age 14) during that same period. Defendant admitted having intercourse with K.H.
Defendant filed a motion to sever count IV from the information, pursuant to Florida Rule of Criminal Procedure 3.152, alleging that severance was necessary to achieve a fair determination of his guilt or innocence of each charge. Defendant also claimed that severance was necessary since count IV involved different victims and occurred at a different time. The trial court denied defendant's motion.
We think severance was necessary to promote a fair determination of defendant's guilt or innocence. The record reveals that the state argued in closing that because defendant admitted that he had committed one offense, he must also have committed the others. We think use of the evidence in this manner was highly prejudicial towards defendant and is prohibited by Rule 3.152. Therefore, we find that the trial court abused its discretion when it denied defendant's motion to sever count IV.
We further note that count IV was improperly joined with the other counts in the information. Florida Rule of Criminal Procedure 3.151 requires that multiple offenses be related in order to permit joinder or consolidation of the offenses. Consolidation is inappropriate when the acts are *1236 "connected" only by similar circumstances and the accused's alleged guilt in both instances. State v. Williams, 453 So.2d 824 (Fla. 1984); Paul v. State, 385 So.2d 1371 (Fla. 1980) (adopting Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979) (Smith, J., dissenting).
We think the misconduct involving T.M. and A.V.Y. was not directly connected by evidence to the acts involving K.H. It cannot reasonably be inferred that defendant's continuing misconduct involving T.M. and A.V.Y. led to his act of intercourse with K.H. The acts were related only in that they were sex offenses occurring within the same two month period in defendant's home, the victims knew each other, and the defendant was allegedly guilty. Therefore, we do not think the acts were connected in the episodic sense.
We find no merit in defendant's remaining claim.
REVERSED AND REMANDED.
RYDER and SCHOONOVER, JJ., concur.