548 So.2d 808 (1989)
Harold Eugene WALLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-847.
District Court of Appeal of Florida, Fifth District.
September 7, 1989.
*809 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant was charged in one information (87-347) with three counts of sexual battery upon a child under 12 years of age (his stepdaughter M) in violation of section 794.011(2), Florida Statutes; in a second information (87-375) with one count of sexual battery upon a child under 12 years of age (his daughter F) in violation of section 794.011(2), Florida Statutes, and in a third information (87-376) with one count of sexual battery upon a child under 12 years of age (his daughter K) in violation of section 794.011(2), Florida Statutes. Upon the State's motion, the trial court consolidated the three cases for trial. Convicted and sentenced on all five charges, the defendant appeals, raising several issues.
The acts alleged and offenses charged in these three informations, were not "connected acts" or "related offenses" within the meaning of those terms in the rules permitting consolidation (Florida Rules of Criminal Procedure 3.151(a) & (b)) and it was error to consolidate these cases for trial. The acts charged in each information related to a different victim and an entirely separate and different factual event than that charged in each other information. The only relationship between the acts and offenses charged is that each relates to the same defendant and the same type of crime. Every defendant has a constitutional right to a fair trial on each criminal accusation without the prejudice that necessarily results from the consolidation for trial of criminal charges relating to separate factual events. See Paul v. State, 385 So.2d 1371 (Fla. 1980), adopting the dissent in Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979); State v. Williams, 453 So.2d 824 (Fla. 1984). See also Finfrock v. State, 507 So.2d 1230 (Fla. 5th DCA 1987); Warren v. State, 475 So.2d 1027 (Fla. 1st DCA 1985); and Bundy v. State, 455 So.2d 330 (Fla. 1984).
The informations in cases 87-375 and 87-376 charge a sexual battery on the particular child named by the defendant causing his hand or finger "to unite with or to penetrate" the victim's vagina. The second count in the information in case number 87-347 charged that the defendant "caused his finger to penetrate or have union with her vagina." [Emphasis added].
Section 794.011(1)(h), Florida Statutes, defines "sexual battery" as:
The term "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object: ...
In Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984), the court analyzed section 794.011(1)(h) (formerly 794.011(1)(f)), Florida Statutes, as encompassing three distinct classes of proscribed behavior:
firstly, oral, anal, or vaginal penetration by the sexual organ of another; secondly, *810 oral or vaginal penetration of another by any other object; thirdly, ... oral, anal or vaginal union with the sexual organ of another. (emphasis in original).
Id. at 358.
In Furlow v. State, 529 So.2d 804 (Fla. 1st DCA 1988), the court, citing the definition of "sexual battery" under section 744.011(1)(h), Florida Statutes, opined:
Under the above definition, mere "union with" the victim's vagina is insufficient because an object other than the defendant's [sexual] organ was used. See State v. Allen, 519 So.2d 1076 (Fla. 1st DCA 1988). The state was therefore required to prove that the defendant penetrated the victim's vagina with his finger.
Id. at 805.
As distinguished from the "union" of the defendant's sex organ with the victim's vagina or the "penetration" of the victim's vagina "by" the defendant's hand, finger, or any other object the mere "union" of the defendant's hand or finger "with" the victim's vagina does not violate this statute, although that act may violate other statutes[1] with which the defendant was not charged in this case. Therefore, the charging documents in cases numbers 87-375 and 87-376 and the second count of the information in case 87-347 which allege these insufficient acts in the alternative and disjunctive with allegations of acts that are sufficient to allege a violation of the statute, cause the charges to be legally insufficient and the jury instructions permitting a finding of guilt on the same insufficient acts, in the disjunctive with sufficient acts, were in error.
For these reasons the defendant's convictions are reversed and the cause remanded for further proceedings.[2]
REVERSED and REMANDED.
COWART and GOSHORN, JJ., concur.
COBB, J., concurs specially in result only, with opinion.
COBB, J., concurring specially in result only.
I concur with the majority result that reversal is required by reason of improper consolidation. I cannot agree that a charging document with superfluous allegations in the alternative renders the charge "legally insufficient." We held to the contrary in Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984), approved, 474 So.2d 1192 (Fla. 1985); see also, Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937); King v. State, 336 So.2d 1200 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 424 (Fla. 1977), cert. dismissed, King v. Florida, 434 U.S. 802, 98 S.Ct. 30, 54 L.Ed.2d 60 (1977). The jury instructions, however, to the extent they confuse the jury or permit the defendant to be convicted of a non-existent offense, were improper and would require reversal *811 of the convictions. Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984), see also, Murray v. State, 471 So.2d 70 (Fla. 4th DCA 1984), rev'd in part on other grounds, 491 So.2d 1120 (Fla. 1986), Barnes v. State, 348 So.2d 599 (Fla. 4th DCA 1977).
NOTES
[1] See e.g., section 800.04(1), Florida Statutes.
[2] In conjunction with further proceedings including a retrial, it should not be inferred that this court has ruled adverse to the defendant as to other issues urged on this appeal for reversal. (a) The record does not show a proper objection at trial to the testimony offered under section 90.803(23), Florida Statutes, of a child protection team member as to the hearsay testimony of the child-victims. (b) The action of video taping the testimony of the child witnesses during trial but in an anteroom to the courtroom outside the presence of the defendant under the authority of sections 92.53 and 92.54, Florida Statutes, should be carefully considered in the light of Coy v. Iowa, ___ U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). See Gibson v. State, 533 So.2d 338 (Fla. 5th DCA 1988). (c) The State gave notice of its intent to use the testimony of each child as similar fact evidence to "corroborate" the testimony of each other child but the consolidation of the three cases involving each child rendered this issue moot in this case. However, this case is being reversed because of the prejudicial effect of an improper consolidation. If the testimony of each of the three alleged child victims can be properly admitted in the separate trial of each case to "corroborate" the testimony of the child-victim in the case being tried, then, obviously, the result will be that each jury learns of the wrongful acts that are charged in the other two cases, the same as if all three cases were consolidated for trial. Until the true scope of Heuring v. State, 513 So.2d 122 (Fla. 1987) in this context and situation is made clear and certain (see Anderson v. State, 14 F.L.W. 1622 (Fla. 5th DCA 1989)), this use of similar fact evidence in these circumstances hazards a reversal on appeal.