HALL, Judge.
Reginald Britton appeals from his judgment and sentences for robbery with a deadly weapon, attempted armed robbery and simple robbery. He raises several points on appeal; however, we find it necessary only to address the argument that the trial court erred in denying his motion to sever the charges. We reverse and remand for new trials.
The following facts were adduced at trial. On September 8, 1986, in the parking lot at East Lake Square Mall in Tampa, the appellant held up two women with something that looked like a gun and drove away with their purses, jewelry, various other items and their white Chevrolet Cavalier, which had North Carolina license tags.
At 1:00 a.m. the next morning the appellant, while driving a white four-door Chevrolet (the witness thought it might be a Caprice) with North Carolina tags, picked up a hitchhiker and robbed him of his wallet and jewelry at gunpoint. About an hour and a half later, the appellant pulled the white, car into the parking lot of a 7-11, pointed a weapon at a woman and robbed her of her purse. At 6:00 a.m. the same *410 day, two policemen discovered an abandoned Chevrolet Cavalier with North Carolina tags and found the appellant in the immediate vicinity. The officers arrested the appellant, but he was released shortly thereafter.
On September 10, 1986, the appellant approached a woman and her grandmother in the parking lot of East Lake Square Mall, threatened the woman with a knife or some other sharp object, and took her purse and car.
The appellant was identified by several witnesses through the use of photo-paks and was charged with racketeering, four counts of robbery with a firearm, two counts of robbery with a deadly weapon, one count of attempted armed robbery, and one count of simple robbery. The appellant made a motion to sever the charges on the ground that they were not based on “two or more connected acts or transactions” as required by Florida Rule of Criminal Procedure 3.150(a) for the consolidation of offenses. The trial court denied the motion. Following a trial on all the charges, a jury acquitted the appellant of racketeering, but convicted him of five counts of robbery with a deadly weapon, attempted armed robbery, and simple robbery. The appellant then brought this timely appeal.
The appellant is correct in his argument that the charges should have been severed. The first two robberies had the white Chevrolet with North Carolina tags in common, which is a sufficient connection to permit these two robberies to be tried together. However, the third robbery was not shown to have been connected to the other acts with anything other than general descriptions of the assailant and a white car. Although the fourth robbery was similar to the first robbery in that both occurred in the East Lake Square Mall parking lot, similarity between offenses is insufficient to permit joinder. Ellis v. State, 534 So.2d 1234 (Fla. 2d DCA 1988); Boyd v. State, No. 88-1093 — So.2d -(Fla. 3d DCA Feb. 20, 1990). Therefore, we find that the charges other than those arising from the first two robberies should have been severed.
Therefore, we find that the trial court erred in not granting the appellant’s motion to sever, reverse the judgment and sentences, and remand for new trials. As point I of the appellant’s appeal is disposi-tive of the case, we do not find it necessary to reach the other points raised by the appellant.
Reversed and remanded.
SCHEB, A.C.J., and PARKER, J., concur.