582 So.2d 1230 (1991)
Michael BIERER, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1526.
District Court of Appeal of Florida, Third District.
July 16, 1991.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
Bierer, the appellant, was convicted of lewd assault, two counts of battery, and one count of attempted battery on three second and third grade girls who were under his care or supervision. Two of the victims are his stepdaughters. The third victim is a neighborhood friend of the stepdaughters who frequented the appellant's home every day. The main issue on appeal is whether the court's failure to sever the offenses allegedly committed on stepdaughters S.V. and J.V., as charged in counts II, III, and IV of the five-count information, with the offenses allegedly committed on the stepdaughters' friend, G.S., as charged in counts I and V, was erroneous and prejudicial.[1]
*1231 Bierer contends that his motion to sever should have been granted because the offenses occurred at different times and places and involved different victims. In response, the State argues that the offenses were connected in an episodic sense because (1) the involvement of more than one victim does not preclude joinder, (2) the offenses were continuous in nature and overlapping during a seventeen-month period, and (3) the offenses usually occurred in the defendant's home, and were committed in the same fashion. Further, the State contends that even if joinder was not proper, the appellant was not prejudiced because, in a separate trial for the offenses committed against G.S., the evidence of the offenses committed against stepdaughters S.V. and J.V. would have been admissible to show a general pattern, motive, intent or absence of mistake.
We agree with the appellant that his argument for severance is supported by Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989), and Ellis v. State, 534 So.2d 1234 (Fla. 2d DCA 1988).[2] It was held in those cases that the offenses were not so connected in an episodic sense to justify consolidation. See Fla.R.Crim.P. 3.151. In Wallis the three victims were sisters. As grounds for reversing the convictions, the court ruled that "[t]he acts charged in each information related to a different victim and an entirely separate and different factual event than that charged in each other information." 548 So.2d at 809. In Ellis the court concluded that the acts committed against two of the victims were not connected in the episodic sense to the act allegedly committed against a third victim where the evidence showed only that the acts "were sex offenses occurring within the same two month period in defendant's home, the victims knew each other, and the defendant was allegedly guilty." 534 So.2d at 1236. In neither case, however, did the courts subject the improper consolidation to a harmless error analysis based on the "familial context" rule for similar fact evidence as announced in Heuring v. State, 513 So.2d 122 (Fla. 1987).
In Heuring, the supreme court adopted the view that strict standards normally applicable to similar fact evidence should be relaxed in cases involving sexual battery committed on minor children "within the familial context."[3] What constitutes a familial context was not definitively explained. The first district, noting the legislature's intention "to protect minor children from the predatory influences of older persons who establish close family-type ties with them", Stricklen v. State, 504 So.2d 1248, 1250 (Fla. 1st DCA 1986), set forth a broad definition of the term "familial" in determining whether a defendant had "familial or custodial" authority over a child victim for the purposes of prosecution for familial sexual battery.[4]
*1232 In Coleman v. State, 485 So.2d 1342, 1345 (Fla. 1st DCA 1986), the first district held that "familial or custodial" must be interpreted to include any person maintaining a close relationship with a child who lives in the same household as the child. That definition was subsequently broadened to include persons who merely have temporary custody of a child. Stricklen upheld the conviction of a defendant who did not reside in the victim's home but who had assumed responsibility for the child's care on weekends. The first district's broadened definition was adopted in Collins v. State, 496 So.2d 997 (Fla. 5th DCA 1986), rev. denied, 506 So.2d 1040 (Fla. 1987), which upheld a conviction for familial sexual battery where the defendant had frequent contact with the child, she had ridden in his truck many times, the defendant had daily contact with the victim's mother, and the defendant's care and control of the child was with the mother's approval at the time the crime was committed.
Concluding, on the pivotal question, that the factual scenario of this case is contemplated by Heuring, a harmless error analysis is mandated. § 924.33 Fla. Stat. (1989); State v. DiGuilio, 491 So.2d 1129 (1986). In Livingston v. State, 565 So.2d 1288, 1290 (Fla. 1988), the court, citing United States v. Lane, 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), held that the misjoinder of offenses is subject to the harmless error rule and reversible error occurs only if the misjoinder causes actual prejudice by having a damaging effect or influence on the jury's verdict. See also Beltran v. State, 530 So.2d 1045, 1047 (Fla. 3d DCA 1988) (misjoinder requires reversal "only if it results in a miscarriage of justice or has injuriously affected the substantial rights of the defendant"), approved, 566 So.2d 792 (Fla. 1990).
In this case the defendant exercised parental-type supervision of the neighborhood child on a daily basis at his home. On the authorities cited, we conclude that such an arrangement constitutes care within the broad familial context. By Livingston's standard the misjoinder in this case was harmless beyond a reasonable doubt since, according to Heuring, the jury would have learned of the other offenses in separate trials under the similar fact evidence rule. § 90.404(2)(a), Fla. Stat. (1989).
Accordingly, the convictions and sentences are affirmed.
NOTES
[1] A five-count information charged the defendant in count I with an attempted sexual battery on G.S. between February 1, 1987, and February 28, 1987; in count II with sexual battery on S.V. between July 21, 1986, and December 31, 1986; in count III with a sexual battery on J.V. between June 1, 1986, and July 21, 1986; in count V with committing a lewd assault on G.S. between April 1, 1986, and April 1, 1987. At the conclusion of the State's case the trial court reduced count I to lewd assault, reduced counts II and III to simple battery, and dismissed count IV. The jury convicted the defendant on counts I, II, and III, as reduced by the court, and of attempted battery, as a lesser included offense of the charge in count V.

Departing downward from a three and one-half-year guideline sentence for the attempted battery conviction, the trial court sentenced the defendant to a year and a day, and to concurrent sixty-day sentences for the misdemeanor convictions.
[2] Although appellant also relies on Paul v. State, 385 So.2d 1371 (Fla. 1980), that case is distinguishable from the instant case. There the offenses were committed on different dates, on different college campuses, against adult female students who were unknown to each other.
[3] The court noted that cases involving sexual battery in a familial context present peculiar problems which support a different rule. Typically, the victim is the sole eyewitness and corroborative evidence is scant. Credibility becomes the focal issue with the child's testimony pitted against that of an adult. Similar fact evidence is therefore admissible to corroborate the victim's testimony. In this case the offenses against each victim were committed outside the presence of the other victims  a circumstance justifying admission of the similar fact evidence.
[4] See current § 794.041(2), Fla. Stat. (1989).