620 So.2d 237 (1993)
Roger Joe ROARK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-380.
District Court of Appeal of Florida, First District.
June 22, 1993.
*238 Nancy A. Daniels, Public Defender, Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Roark was convicted of sexual battery upon C.B., battery upon C.B., and lewd and lascivious assault upon her sister, E.B. Appellant raises a number of issues on appeal, one of which is dispositive and will be discussed herein: Whether the trial court reversibly erred in failing to sever the lewd and lascivious count from the sexual battery counts. We find that the incidents in question were not connected in an episodic sense and, thus, the trial court erred in failing to grant the motion to sever. We also determine that this error was not harmless under the facts of this case; therefore, we reverse the convictions and remand for new trials.
The victims in the instant case are C.B., nine years old, and E.B., 11 years old. The appellant is an uncle to the victims.[1] The appellant was charged with count I) capital sexual battery "by placing his finger in the vagina of C.B."; count II) capital sexual battery "by placing his finger in the anus of C.B."; and count III) lewd and lascivious assault upon E.B. Appellant's motion to sever all counts was denied. The jury found the appellant guilty as charged on counts I and III, and guilty of the lesser-included offense of simple battery on count II.
Both victims testified at trial. C.B. testified that the appellant had rubbed her breasts and touched her on her front and back private parts, that he had put his finger inside her when they were covered with a blanket while watching television, and on another occasion, he put his finger in her butt. E.B. testified that the appellant had touched her breasts and private parts over her clothes. The evidence also revealed that C.B. had given a number of conflicting statements to the police, her doctor, and her counselor from the child protection team concerning the extent of the physical attacks by appellant.
Christine Brankston, a child protection team coordinator, testified concerning out-of-court statements made by both children. The versions told to Brankston was essentially the same as the trial court testimony of the children. Dr. Soha, the child protection team physician, testified concerning physical characteristics of C.B.'s vaginal area which were consistent with vaginal penetration, and also testified concerning statements made to her by C.B. during the course of her examination. Testimony was also received from several police officers concerning their contact with and conversations with both victims.
Rule 3.150(a), Fla.R.Crim.P., states

*239 Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses ... are based on the same act or transaction or on two more connected acts or transactions.
In order for offenses to be properly consolidated for trial, they must be connected in an "episodic" sense. Garcia v. State, 568 So.2d 896 (Fla. 1990); Livingston v. State, 565 So.2d 1288, 1290 (Fla. 1988).
Quoting from Garcia v. State, 568 So.2d 896, 899 (Fla. 1990), the supreme court recently stated that the
"connected acts or transactions" requirement of rule 3.150 means that the acts joined for trial must be considered "in an episodic sense[.] [T]he rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." Paul [v. State, 365 So.2d 1063, 1065-66 (Fla. 1st DCA 1979) (Smith, J., dissenting), adopted in part, 385 So.2d 1371, 1372 (Fla. 1980)]. Courts may consider "the temporal and geographical association, the nature of the crimes, and the manner in which they were committed." Bundy [v. State, 455 So.2d 330, 345 (Fla. 1984), cert. denied, 476 U.S. 1109, 106 S.Ct. 1958, 90 L.Ed.2d 366 (1986)]. However, interests in practicality, efficiency, expense, convenience, and judicial economy, do not outweigh the defendant's right to a fair determination of guilt or innocence. [State v.] Williams, 453 So.2d 824, 825 (Fla. 1984).
Wright v. State, 586 So.2d 1024, 1029-30 (Fla. 1991). See also Fotopoulos v. State, 608 So.2d 784 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993).
When the charges are based upon similar but separate episodes which are connected only by the accused's alleged guilt, joinder (or consolidation) is improper. State v. Williams, 453 So.2d 824, 825 (Fla. 1984); Fotopoulos, supra. Thus, in child sexual molestation cases, motions to sever should be granted where offenses occurred at different times and places, involving different victims.
In Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989), three informations, each alleging sexual battery upon a different child, were consolidated for trial. The three victims were sisters. In reversing the convictions, the court ruled the "acts charged in each information related to a different victim and an entirely separate and different factual event than that charged in each other information." 548 So.2d at 809. Similarly, in Ellis v. State, 534 So.2d 1234 (Fla. 2d DCA 1988), the court concluded the acts committed against two of the victims were not connected in an episodic sense to the act allegedly committed against a third victim where the evidence showed the "acts were related only in that they were sex offenses occurring within the same two-month period in defendant's home, the victims knew each other, and the defendant was allegedly guilty." 534 So.2d at 1236; see also Bierer v. State, 582 So.2d 1230 (Fla. 3d DCA 1991) (motion to sever should have been granted where offenses occurred at different times and places and involved different victims), review denied, 591 So.2d 180 (Fla. 1991).
In the instant case, misconduct involving C.B. was not linked in a episodic sense to the act involving E.B. As in Ellis, the offenses were related only in that they were sex offenses occurring within the same seven-month period, the victims were related to each other, and appellant allegedly was guilty.
In Livingston v. State, 565 So.2d 1288 (Fla. 1988), the supreme court determined that misjoinder of offenses was subject to a harmless error analysis. There, the court found harmless error in light of the overwhelming evidence that there was no reasonable basis to believe that the error influenced the jury's verdict. In Bierer v. State, 582 So.2d 1230 (Fla. 3d DCA 1991), rev. denied, 591 So.2d 180 (Fla. 1991), the third district appears to adopt the position that in all familial sexual battery cases *240 where separate crimes would be admissible pursuant to Heuring v. State, 513 So.2d 122 (Fla. 1987), quashed on other grounds, 559 So.2d 207 (Fla. 1990), that an inappropriate joinder of offenses constitutes harmless error. The state urges this court to adopt the Bierer analysis. We cannot do so for several reasons.
As previously discussed, the standard for determining whether offenses are properly consolidated for trial is vastly different from the standard of when evidence of a second collateral crime may be introduced. If it was determined that misjoinder would constitute harmless error in all familial sexual battery cases where the misjoined offenses would be admissible as collateral crime evidence, then the distinctive legal standards concerning each would begin to blur. Prosecutors and courts could be improperly inclined to join offenses in the interest of time and efficiency. Such practices could be prejudicial to defendants in light of the different legal consequences flowing from jointly trying separate offenses as opposed to admitting collateral crime evidence.
When collateral crime evidence is introduced, evidence of the separate crime may not become a feature of the trial. Travers v. State, 578 So.2d 793 (Fla. 1st DCA 1991), rev. denied, 584 So.2d 1000 (Fla. 1991); Turtle v. State, 600 So.2d 1214 (Fla. 1st DCA 1992). The amount of testimony which may be introduced as to the additional crime is thus limited, many times resulting in only the second victim being able to testify. No such limitation occurs when offenses are joined for trial, where all relevant evidence as to each crime being tried would be admissible. Additionally, if collateral crime evidence is introduced, the defense is entitled to have the judge read a limiting instruction. No such instruction is available in consolidated trials.
In the instant case, a large amount of evidence strictly related to each of the victims was admitted. Mrs. Brankston was able to testify as to the statements and her observations of both children. The doctor testified as to her medical findings and statements made by C.B. A number of police officers testified as to contact with each victim. It is questionable how much testimony as to one victim would be admissible at a separate trial of charges related to the other victim. In addition, the evidence of guilt was not overwhelming. Each of these cases had limited corroborative evidence. Further, C.B. gave several inconsistent statements concerning her attack. Under these circumstances, we cannot say beyond a reasonable doubt that the additional corroborative evidence as to both victims did not affect the jury's verdict, and we therefore reverse. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Conley v. State, 620 So.2d 180 (Fla. 1993).
ALLEN and KAHN, JJ., concur.
NOTES
[1] The record actually says that the appellant is C.B.'s uncle and was once married to E.B.'s father's sister.