PER CURIAM.
Appellant challenges his convictions for three counts of sexual battery committed upon a child less than 12 years of age. Appellant raises three issues on appeal, one of which warrants reversal. We conclude that the trial court reversibly erred in failing to grant the motion to sever the counts against *73 the two victims; we therefore reverse the convictions and remand for new trials.
Appellant was charged in one information with two counts of sexual battery committed upon R.B., a child under 12 years of age, (Counts I and II), and one count of sexual battery committed upon G.C., also a child under 12 years of age, (Count III). Appellant’s motion to sever Count III from Counts I and II was denied. Both victims testified at trial. R.B., eight years old at the time of the incidents, testified that during the summer months of 1993, appellant, who was his mother’s boyfriend at the time, was living with him and his mother in a trailer home. R.B. testified that appellant was like a daddy to him. The first incident occurred while R.B. was riding with appellant in the car to the store. Appellant allowed R.B. to sit on his lap and drive. On the return trip, appellant told R.B. he had to pull down his pants if he wished to drive. R.B. did so, and appellant pulled down his own pants and placed' his penis into the anus of R.B. A subsequent incident occurred in a bedroom of the trailer home when appellant pulled down R.B.’s pants and threw him on the bed and again placed his penis into the anus of R.B. G.C., who is R.B.’s cousin, testified that one day during the summer of 1993, he was visiting R.B. at the trailer home. At one point, when • G.C. entered the bedroom to retrieve his shoes, appellant followed him, pulled down his pants, placed him on his stomach on the bed, and inserted his penis into G.C.’s anus.
The jury found appellant guilty as charged on all counts, and he was sentenced to three concurrent terms of life, with a 25-year minimum mandatory. As his first issue on appeal, appellant contends that the trial court abused its discretion in failing to sever Count III from Counts I and II, where the offenses occurred at different times, involved different victims, and were not connected in an episodic sense. We agree.
Florida Rule of Criminal Procedure 3.152(a)(2) provides that a court shall grant a severance of charges on motion of a defendant upon a showing that such severance is necessary to achieve a fair determination of the defendant’s guilt or innocence on each offense. Rule 3.152(a)(1) provides that a defendant shall have a right to severance of the charges upon a timely motion when two or more offenses are improperly charged in a single information. Rule 3.150(a) provides that two or more offenses may be charged in the same information when based on the same act or transaction or on two or more connected acts or transactions. The primary purpose of requiring separate trials on unconnected charges is to assure that evidence adduced on one charge will not be misused to dispel doubts on the other, and so effect a mutual contamination of the jury’s consideration of each distinct charge. Paul v. State, 385 So.2d 1371 (Fla.1980) (adopting Judge Smith’s dissenting opinion in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979)).
In Roark v. State, 620 So.2d 237 (Fla. 1st DCA 1993), this court stated that when charges are based upon similar but separate episodes that are connected only by the accused’s alleged guilt, joinder of offenses is improper and, thus, “in child sexual molestation eases, motions to sever should be granted where offenses occurred at different times and places, involving different victims.” Id. at 238. In Roark, the defendant was the uncle of the two victims, C.B. (9 years old) and E.B. (11 years old). C.B. testified that the defendant had rubbed her breasts and touched her on her front and back private parts, that he had put his finger inside her when they were covered with a blanket while watching television, and that, on another occasion, he had put his finger in her butt. E.B. testified that the defendant had touched her breasts and private parts over her clothes. This court held that the misconduct involving C.B. was not linked in an episodic sense to the act involving E.B., and that it was error not to sever offenses that “were related only in that they were sex offenses occurring within the same seven-month period, the victims were related to each other, and the defendant allegedly was guilty.” Id. at 238.
The relevant facts of Roark are substantively indistinguishable from those of this case. Herein, the offenses were related only in that they were sex offenses occurring during the summer of 1993, two of the incidents occurred in a similar fashion at appellant’s *74 place of residence, the victims were related, and appellant allegedly was guilty. As in Roark, we cannot say that the acts involving R.B. were linked in an episodic sense to the misconduct involving G.C. See also Ellis v. State, 534.So.2d 1234 (Fla. 2d DCA 1988) and Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989), both cited in Roark. In Wallis, three informations, each alleging sexual battery upon a different child, were consolidated for trial. The three victims were sisters. As grounds for reversing the convictions, the court ruled that “acts charged in each information related to a different victim and an entirely separate and different factual event than that charged in each other information.” 548 So.2d at 809. Similarly, in Ellis, the court concluded that the acts committed against two of the victims were not connected in an episodic sense to the act allegedly committed against a third victim where the evidence showed only that the acts “were sex offenses occurring within the same two month period in defendant’s home, the victims knew each other, and the defendant was allegedly guilty.” 534 So.2d at 1236.[1]
As appellant’s second issue, he claims that the trial court erroneously admitted out-of-court statements uttered by R.B. in the absence of legally sufficient findings of fact to establish that the statements were reliable. Although we do not find reversible error in this regard, so as to preclude reappearance of this issue upon retrial we reiterate that section 90.803(23)(c), Florida Statutes (1991), expressly requires that the trial court make specific findings of fact, on the record, as to the basis for its ruling with regard to the admissibility of child hearsay statements. See Hopkins v. State, 632 So.2d 1372 (Fla. 1994)(as prerequisite to admissibility under § 90.803(23), trial court must find that time, content and circumstances of out-of-court statement provide sufficient standards of reliability; mere recitation of boilerplate language of statute is not sufficient).
Appellant’s third and final point on appeal is that the trial court erred in failing to rule R.B’s hearsay statements inadmissible under section 90.403, Fla. Stat. (1991), on the basis that their cumulative and misleading nature outweighed their probative value. This ground was not the basis of the objection below and thus was not preserved for review.
REVERSED and REMANDED for new trials.
ALLEN, MICKLE and LAWRENCE, JJ., concur.

. The state herein urges this court to find any error in the misjoinder of offenses harmless on the basis that evidence of the acts committed against one victim could have come in as collat-oral crime evidence in the other's trial. However, we adopt the analysis in Roark wherein this court rejected a similar argument.