ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
We grant appellant’s Motion for Clarification and deny rehearing! We withdraw our previous opinion and substitute the following opinion.
In this appeal. from a conviction and sentence for dealing in stolen property, appellant contends trial counsel was ineffective, there was inadequate circumstantial evidence of dealing in stolen property, non-hearsay evidence was erroneously excluded, and a defense motion for mistrial was erroneously denied because the prosecutor’s references to a burglary, of which appellant previously had been acquitted, became a feature of the trial. The issues as to ineffective assistance are not properly addressed in this direct ap *530 peal. We affirm as to the evidentiary questions. However, we reverse and remand for a new trial because the assistant state attorney’s repeated references to the burglary, in disregard of numerous warnings from the trial judge, became a feature of the trial.
The trial court correctly ruled that evidence of the burglary was relevant to the state’s theory that, because of the physical circumstances of the burglary, it was likely that a man, rather than a woman, initially had gained possession of the item involved in this case. The court was also well aware of the need to balance the admission of this relevant evidence against its prejudicial effect, and it attempted to do so. The assistant state attorney consistently disregarded warnings from the trial court to refrain from further references to the burglary, both during questioning of witnesses and during closing arguments. The evidence of the burglary became a feature of the trial to the extent that appellant was deprived of his right to a fair trial on the charge of dealing in stolen property. See, e.g., Roark v. State, 620 So.2d 237 (Fla. 1st DCA 1993); Turtle v. State, 600 So.2d 1214 (Fla. 1st DCA 1992).
REVERSED and REMANDED for a new trial.
JOANOS, ALLEN and KAHN, JJ., CONCUR.