935 So.2d 74 (2006)
Roy C. SHERMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3226.
District Court of Appeal of Florida, Fourth District.
August 2, 2006.
Rehearing Denied August 24, 2006.
Valerie Masters, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diane F. Medley, Assistant *75 Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his multiple convictions for capital sexual battery and lewd and lascivious molestation, involving four different victims. He contends that the trial court erred in denying his motion to sever the counts as to each victim. We agree that the court erred in failing to sever certain counts, and that the error was not harmless. We therefore reverse.
The appellant, Roy Shermer, was charged by amended information with three counts of capital sexual battery and four counts of lewd and lascivious molestation. Counts one and two charged sexual battery and lewd and lascivious molestation involving S.J., a ten-year-old female, during a period from January 1, 1999 to September 13, 2002. Counts three and four charged the same two crimes involving nine-year-old F.S. during a period from January 1, 2000 to September 13, 2002. Counts five and six alleged sexual battery and lewd and lascivious molestation involving nine-year-old Ang. G., also between January 1, 2000 and September 13, 2002. Count seven charged lewd and lascivious molestation involving And. G., Ang. G's twin, during the same period.
Shermer babysat for S.J. and F.S. According to S.J.'s testimony, the acts of abuse to her sometimes happened when F.S. was present and sometimes when she was alone with Shermer. These incidents occurred at Shermer's house over a period of time. The incidents involving F.S. all occurred in the presence of S.J. and at Shermer's house. S.J. was also present when the incidents involving Ang. G. and And. G. took place. However, these incidents occurred at the twins' residence and F.S. was not present.
Shermer moved to sever the charges as to each victim. He contended that the alleged acts involved different children, occurred in different places and took place over a long period of time. The court denied the motion, determining that because S.J. was present during all of the incidents of abuse of the other victims, her presence made joinder appropriate. In addition, the court also noted that the other incidents may be admissible as Williams rule evidence in each trial, thus making joinder appropriate. The court erred in this ruling.
Florida Rule of Criminal Procedure 3.150(a) sets forth the standard for joinder of offenses in an indictment or information:
Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses . . . are based on the same act or transaction or on 2 or more connected acts or transactions.
Under Florida Rule of Criminal Procedure 3.152(a)(2), a court shall grant a severance of charges on motion of a defendant upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence on each offense. Additionally, rule 3.152(a)(1) provides that a defendant shall have a right to severance of the charges upon a timely motion when two or more offenses are improperly charged in a single information.
Our supreme court has explained:
"[T]he rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." Courts may consider "the temporal and geographical association, the nature of the crimes, and the manner *76 in which they were committed." However, interests in practicality, efficiency, expense, convenience, and judicial economy, do not outweigh the defendant's right to a fair determination of guilt or innocence.
Wright v. State, 586 So.2d 1024, 1029-30 (Fla.1991) (quoting Garcia v. State, 568 So.2d 896, 899 (Fla.1990)) (citations omitted).
The "connected acts or transactions" requirement set forth in rule 3.150(a) requires that the charges joined for trial must be considered in an episodic sense. Garcia v. State, 568 So.2d 896, 899 (Fla.1990). Furthermore, there must be a "meaningful relationship" between or among the charges before they may be tried together. Ellis v. State, 622 So.2d 991, 999 (Fla.1993). Thus, "the crimes in question must be linked in some significant way." Id. at 1000. The court further explained that crimes linked in an episodic sense generally fall into two categories: first, those that occurred during a crime "spree" interrupted by no significant period of respite; and second, situations in which one crime is causally related to the other, even though there may have been a significant lapse of time between the crimes. Id.
In Crossley v. State, 596 So.2d 447, 449-50 (Fla.1992), the supreme court explained the competing interests at stake when the court evaluates a motion to sever charges:
The justifications for the consolidation of charges are convenience and the preservation of the courts' valuable resources. However, practicality and efficiency cannot outweigh the defendant's right to a fair trial. The danger in improper consolidation lies in the fact that evidence relating to each of the crimes may have the effect of bolstering the proof of the other. While the testimony in one case standing alone may be insufficient to convince a jury of the defendant's guilt, evidence that the defendant may also have committed another crime can have the effect of tipping the scales. Therefore, the court must be careful that there is a meaningful relationship between the charges of two separate crimes before permitting them to be tried together.
(citation omitted).
Shermer relies on Roark v. State, 620 So.2d 237 (Fla. 1st DCA 1993), which held that "in child sexual molestation cases, motions to sever should be granted where offenses occurred at different times and places, involving different victims." Id. at 239. In Roark, the defendant was the uncle of the two victims, C.B. (9 years old) and E.B. (11 years old). C.B. testified that the defendant had put his finger inside her when they were covered with a blanket while watching television, and that, on another occasion, he had put his finger in her butt. E.B. testified that the defendant had touched her breasts and private parts over her clothes. The first district held that the misconduct involving C.B. was not linked in an episodic sense to the act involving E.B., and that it was error not to sever offenses that "were related only in that they were sex offenses occurring within the same seven-month period, the victims were related to each other, and the defendant allegedly was guilty." Id. at 239.
In Ghent v. State, 685 So.2d 72 (Fla. 1st DCA 1996), the defendant was charged with two counts of sexual battery committed upon R.B., a child under 12 years of age, and one count of sexual battery committed upon G.C., also under 12 years of age. The trial court denied the defendant's motion to sever the count related to G.C. from the counts related to R.B. The defendant was alleged to have had anal sex with R.B., his girlfriend's minor son, on *77 two separate occasions  once in his truck and once in the bedroom of his home. On a different occasion, when R.B.'s cousin, G.C., was visiting R.B. at the defendant's home, the defendant followed G.C. into the bedroom and inserted his penis into G.C.'s anus. The first district noted that the relevant facts were "substantively indistinguishable" from those in Roark. Id. at 73. The court further reasoned that "the offenses were related only in that they were sex offenses occurring during the summer of 1993, two of the incidents occurred in a similar fashion at appellant's place of residence, the victims were related, and appellant allegedly was guilty." Id. at 73-74. Thus, the court explained, "we cannot say that the acts involving R.B. were linked in an episodic sense to the misconduct involving G.C." Id.
Similarly, in Ellis v. State, 534 So.2d 1234, 1236 (Fla. 2d DCA 1988), the second district concluded that acts committed against two of the victims were not connected in an episodic sense to the act allegedly committed against a third victim where the evidence showed the "acts were related only in that they were sex offenses occurring within the same two month period in defendant's home, the victims knew each other, and the defendant was allegedly guilty."
In this case, some of the acts involving S.J. and F.S. are connected in the temporal sense, because F.S. testified that S.J. was present at each time when she was abused by Shermer. In fact, Shermer would perform an act of abuse on F.S. and then do the same to S.J. However, some of the acts of abuse to S.J. were committed when F.S. was not present. The charges against Ang. G. and And. G. are tied together in a temporal or episodic sense, because they were committed at the same time and in the same place. However, these charges are not tied to those involving F.S. Thus, as in Ellis and Roark, the charges were related only because the victims knew each other, they involved similar conduct, and the defendant was allegedly guilty of all. This is insufficient to justify a denial of severance.
The trial court denied the motion to sever, believing that the commonality between the various counts provided a sufficient basis to refuse severance. However, that is not the test. To deny severance there must be a temporal or episodic connection. At the very least there was no such connection between the events involving F.S. and the twins. Thus, the court abused its discretion in failing to sever the counts involving the twins from the remaining counts of the information.
With respect to the counts involving S.J., we find that the trial court should have severed these from the remaining counts in the information as well. The counts involving S.J. were broadly drafted and encompassed a lengthy time period. While F.S. was present for some of the acts that could have formed the basis for Shermer's convictions on these charges, the jury also could have convicted Shermer on these counts based solely upon acts that occurred out of F.S.'s presence.
The state argued that severance was unnecessary because the testimony would have been admissible as Williams rule evidence. However, "the standard for determining whether offenses are properly consolidated for trial is vastly different from the standard of when evidence of a second collateral crime may be introduced." Roark, 620 So.2d at 240. In Roark, the court explained that the standards were different because "[w]hen collateral crime evidence is introduced, evidence of the separate crime may not become a feature of the trial." Id. Moreover, the very danger of concern in Crossley, that evidence of *78 one crime may "tip the scales" of guilt on the other crimes, is present in this case.
The error was not harmless. The accumulation of evidence of other similar crimes would be harmful to the jury's deliberation. In Roark the court rejected the contention that joinder could be harmless in child sexual abuse cases, because generally evidence of other crimes would be admissible as Williams rule evidence. It said:
If it was determined that misjoinder would constitute harmless error in all familial sexual battery cases where the misjoined offenses would be admissible as collateral crime evidence, then the distinctive legal standards concerning each would begin to blur. Prosecutors and courts could be improperly inclined to join offenses in the interest of time and efficiency.
Id. at 240. Further, the testimony of the children was not entirely consistent. The jury may have been inclined to give credence to inconsistent testimony, because it was "corroborated" by the inclusion of the other charges.
Shermer was entitled to severance, and we reverse and remand for a new trial on the severed charges. However, we conclude that joinder is permissible as to the charges relating to the twins.
Reversed and remanded.
GROSS and HAZOURI, JJ., concur.