VILLANTI, Judge.
Jon Paul Burnett appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the denial of claim one only, affirm the order as to all other claims, and remand for further proceedings.
*1204 Burnett was sentenced to fifteen years’ state prison, followed by twenty years’ probation, for two counts of lewd or lascivious conduct and 136 counts of possession of child pornography. This court overturned Burnett’s convictions for possession of child pornography,[1] and he was later sentenced to fifteen years’ state prison for two counts of lewd or lascivious conduct.
In claim one of Burnett’s rule 3.850 motion, he alleged that his counsel was ineffective for failing to file a motion to sever the possession of child pornography charges from the two lewd or lascivious conduct charges. In response to this claim, the court ordered the State to show cause why Burnett was not entitled to relief. The postconviction court then adopted the State’s response in its entirety and summarily denied the motion.
Specifically, during a law enforcement investigation into a complaint that Burnett had engaged in inappropriate behavior with three young boys, Burnett consented to a search of his bedroom. In two separate searches, officers seized a videotape as well as several floppy discs containing more than 700 images. Burnett was charged with lewd or lascivious conduct for soliciting the victims’ performance on the videotape and 136 counts of possession of child pornography.
In denying Burnett’s claim, the postcon-viction court found that all of the charges stemmed from one course of conduct because Burnett possessed the pornographic images while engaging in the improper conduct that led to the discovery of the videotape, and therefore, severance would not have been required. However, the postconviction court’s analysis of the propriety of severance was insufficient. As noted in Roark v. State, 620 So.2d 237, 239 (Fla. 1st DCA 1993), “in child sexual molestation cases, motions to sever should be granted where offenses occurred at different times and places, involving different victims.” The Roark court further held that it was error not to sever offenses that “were related only in that they were sex offenses occurring within the same seven-month period, the victims were related to each other, and [the defendant] allegedly was guilty.” Id. In Burnett’s case, while the pornographic images were discovered in the same place as the videotape, they may represent a separate source, time, and occurrence wholly unrelated to the events that took place on the videotape. Yet, the postconviction court failed to explain or to demonstrate through record attachments how or whether these incidents were related or whether they occurred in an episodic sense. See Shermer v. State, 935 So.2d 74, 76 (Fla. 4th DCA 2006) (citing Garcia v. State, 568 So.2d 896, 899 (Fla.1990)); see also Ellis v. State, 622 So.2d 991, 999 (Fla.1993) (holding that there must be a “meaningful relationship” between or among the charges before they may be tried together).
The postconviction court also denied Burnett’s claim based on the alternative finding that even if trial counsel had moved to sever the charges, the evidence would have been admissible pursuant to section 90.404(2)(a) or (b), Florida Statutes (2001).[2] Section 90.404(2)(a) provides for the admission of character evidence of other crimes, wrongs, or acts as similar fact evidence “when relevant to prove a material fact in issue, including, but not limited *1205 to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Subsection (2)(b)(l) provides that “[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.”
However, “relevancy is the threshold question” for the admissibility of Williams[3] rule evidence. Foreman v. State, 965 So.2d 1171, 1174 (Fla. 2d DCA 2007). In Foreman this court observed that
“the similarity of the prior act and the charged offense remains part of a court’s analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be ‘substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.’ ”
Id. (quoting McLean v. State, 934 So.2d 1248, 1259 (Fla.2006)). Moreover, “[t]he characteristics of the crimes must be so unique as to constitute ‘fingerprint’ evidence.” Kulling v. State, 827 So.2d 311, 314 (Fla. 2d DCA 2002) (citing State v. Savino, 567 So.2d 892, 894 (Fla.1990)). In Roark, the court held that “[w]hen collateral crime evidence is introduced, evidence of the separate crime may not become a feature of a trial.” 620 So.2d at 240. The Florida Supreme Court has cautioned that evidence of one crime may “tip the scales” of guilt on the other crimes. See Crossley v. State, 596 So.2d 447, 450 (Fla.1992).
The State’s contention that this evidence would have been admissible character evidence is flawed as it fails to establish relevancy by demonstrating the similarity between the two acts. It also misapplies section 90.404(2)(b)(2)’s requirement that the admission of other crimes evidence must be an act of child molestation as defined by section 794.011 or section 800.04, Florida Statutes (2001); possession of child pornography is not defined as one of these prescribed acts. The postconviction court’s reliance on this finding in denying Burnett’s claim must be rejected.
Finally, the State argued in its response to Burnett’s motion that the record, particularly the videotape, refuted Burnett’s claim of prejudice. The State argued that the videotape constituted overwhelming evidence and that any error in the admission of other pornographic images was harmless. The postconviction court adopted the State’s response and added that “attached to this Order are the record documents necessary to support such a conclusion.”
Burnett’s contention that the jury was shown over 100 ultimately inadmissible pornographic images, one at a time and before the jury viewed the videotape, sufficiently alleges prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing the State’s response, the postconviction court’s order, and the limited portions of the record that have been provided to us, we cannot agree that Burnett’s claim is conclusively refuted by the record. Therefore, we reverse and remand for an eviden-tiary hearing on the claim of ineffective assistance of counsel for failure to file a motion to sever.
*1206 Affirmed in part, reversed in part, and remanded.
SILBERMAN and WALLACE, JJ., Concur.

. Burnett v. State, 848 So.2d 1170, 1171 (Fla. 2d DCA 2003) (reversing the child pornography convictions because the search warrant pursuant to which the images were seized was "fatally defective”).

. Although the postconviction court's order incorrectly cites this provision as "Fla. R. Crim. P. 90.404 (2005),” we address its finding pursuant to section 90.404, Florida Statutes (2001).

. 'Williams v. State, 110 So.2d 654 (Fla. 1959).