PER CURIAM.
Appellant seeks review of the trial court’s denial of his motion for postconviction relief. We affirm except for the summary denial of appellant’s claim that defense counsel was ineffective for moving to consolidate two cases charging appellant with committing sexual offenses against two different victims. As to that claim, we reverse and remand for an evidentiary hearing.
In his postconviction motion, appellant claimed defense counsel was ineffective for moving to consolidate the cases without advising him of the risks, which included depriving him of the opportunity to object to the introduction of highly prejudicial collateral crime evidence. Originally, appellant was charged in separate cases with committing sexual offenses against two siblings, D.F. and E.F. At a pretrial hearing on appellant’s motion in limine opposing the state’s introduction of collateral crime evidence, the trial court indicated collateral crime evidence concerning E.F. would be admissible in the case of D.F., provided the state proffered clear and convincing evidence of the collateral crimes. However, the court indicated it would restrict the amount of collateral crime evidence concerning D.F. that the state could introduce in the case of E.F. because D.F.’s allegations were much more extensive, differed in several respects from those of E.F., and could become a feature of the trial. After the court announced its ruling, defense counsel conferred with appellant and then stated, “we have spoken to [appellant] about trying \these cases together, and he agrees that he would like to consolidate them and try both cases together.” When the court asked appellant if that is what he wanted to do, appellant replied, “Yes, sir.”
Contrary to the trial court’s conclusion, the record does not conclusively refute appellant’s claim insofar as he alleges defense counsel failed to advise him of the dangers posed by consolidating the cases. This court has held that consolidation is not proper in molestation cases where the offenses occurred at different times and places and involved different victims. Roark v. State, 620 So.2d 237, 289 (Fla. 1st DCA 1998). Moreover, this court has rejected the position that misjoinder would constitute harmless error in all familial sexual battery cases where the misjoined offenses would be admissible as collateral crime evidence, explaining:
When collateral crime evidence is introduced, evidence of the separate crime may not become a feature of the trial. The amount of testimony which may be introduced as to the additional crime is thus limited, many times resulting in only the second victim being able to testify. No such limitation occurs when offenses are joined for trial, where all relevant evidence as to each crime being tried would be admissible. Additionally, if collateral crime evidence is introduced, the defense is entitled to have the judge read a limiting instruction. No such *221 instruction is available in consolidated trials.
Id. at 240 (citations omitted).
In this case, absent the consent of appellant, consolidation would not be warranted where the offenses occurred at different times and places and involved different (although related) victims. Id. Consolidation allowed unrestricted admission of D.F.’s more extensive allegations against appellant, which the trial court feared would unduly prejudice appellant by becoming a feature of the trial if admitted as collateral crime evidence. Regardless, under certain circumstances, defense counsel’s agreement to consolidation can constitute a reasonable trial strategy. See Hanna v. State, 970 So.2d 385, 386 (Fla. 3d DCA 2007); Johnson v. State, 942 So.2d 415, 416 (Fla. 2d DCA 2006). However, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. Williams v. State, 872 So.2d 396, 397 (Fla. 1st DCA 2004); Robinson v. State, 637 So.2d 998, 999 (Fla. 1st DCA 1994). Because appellant’s claim that defense counsel was ineffective for moving to consolidate the cases without advising him of the risks is not conclusively refuted by the record, the trial court’s summary denial of this claim is reversed and remanded for an evidentiary hearing. See Burnett v. State, 973 So.2d 1203 (Fla. 2d DCA 2008).
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
WOLF, ROWE, and SWANSON, JJ„ concur.