DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT JOSEPH TRADER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0538

[May 8, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562016CF003220A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Scott Joseph Trader appeals his five convictions. He argues the circuit court erred when it denied his motion to sever charges related to alleged sexual abuse. We agree with Trader that the court erred when it refused to sever the charges because the alleged abuse involved two victims at different times over a three-to-four-year period. We reverse and remand for new trials.[1]

As a part of a federal investigation against Trader for soliciting a nine-year-old girl for nude photos, federal agents executed a search warrant at Trader's home. The search revealed a cache of digital devices containing child pornography. Based on these findings, the State charged Trader with five counts of sex crimes against children under twelve. Counts I and III related to one child, and counts II, IV, and V related to a different child.

---

[1] We otherwise affirm without comment.

Trader argues the claims relating to the two children "were not episodically committed[] as in a crime spree" and "were not linked causally to each other."

Generally, "[t]wo or more offenses . . . may be charged in the same indictment or information in a separate count for each offense, when the offenses . . . are based on the same act or transaction or on 2 or more connected acts or transactions." Fla. R. Crim. P. 3.150(a). Summarizing this rule, the Florida Supreme Court explained:

> [T]he "connected acts or transactions" requirement of rule 3.150 means that the acts joined for trial must be considered in an episodic sense. The rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are "connected" only by similar circumstances and the accused's alleged guilt in both or all instances.

*Garcia v. State*, 568 So. 2d 896, 899 (Fla. 1990) (cleaned up). And, "'in child sexual molestation cases, motions to sever should be granted where offenses occurred at different times and places, involving different victims.'" *Shermer v. State*, 935 So. 2d 74, 76 (Fla. 4th DCA 2006) (quoting *Roark v. State*, 620 So. 2d 237, 239 (Fla. 1st DCA 1993)); *see also Ghent v. State*, 685 So. 2d 72 (Fla. 1st DCA 1996).

Trader allegedly abused different victims at different times over a three-to-four-year period. The circuit court should have severed the charges. As a result, we reverse the convictions and remand for a severed trial.

*Affirmed in part, reversed in part, and remanded.*

MAY, FORST and KUNTZ, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2