# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0647
LT Case No. 2017-101004-CFDL

_____

OCTAVIANO JOE SANDOVAL,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

3.850 Appeal from the Circuit Court for Volusia County.
Dawn D. Nichols, Judge.

Mark H. Klein, of MHK LEGAL PLLC, Boca Raton, for
Appellant.

James Uthmeier, Attorney General, Tallahassee, and Stephen
Randolph Putnam, Jr., Assistant Attorney General, Daytona
Beach, for Appellee.

June 27, 2025

HARRIS, J.

 Octaviano Joe Sandoval appeals the postconviction court's
denial of his Florida Rule of Criminal Procedure 3.850 motion after
an evidentiary hearing. He argues that the postconviction court
erred in summarily denying four grounds of his motion and erred
in denying the remaining three grounds after an evidentiary

hearing. Because the postconviction court's attached records do not conclusively refute ground two of Sandoval's motion for postconviction relief, we reverse and remand for an evidentiary hearing as to that ground alone. We affirm as to the remaining grounds, as Sandoval has failed to demonstrate error.

The State charged Sandoval by amended information on February 11, 2019, with sixty-four separate counts. Count one alleged that Sandoval committed lewd or lascivious molestation against his nine-year old daughter, A.C.S. Counts two through five alleged that he produced, directed, or promoted the sexual performance of A.C.S. for the purpose of taking an image. Finally, counts six through sixty-four alleged that he possessed and viewed sexual images of a child under 18.

Following Sandoval's trial, the jury returned a verdict finding him guilty on all charges. The court declared Sandoval a sexual predator, and sentenced him to a term of life on the first count of molestation. Sandoval was sentenced to fifteen years on all of the other counts to run concurrently with the life sentence. This Court per curiam affirmed Sandoval's convictions and sentences. *See Sandoval v. State*, 293 So. 3d 1037 (Fla. 5th DCA 2020). On May 20, 2021, Sandoval moved for postconviction relief, raising six grounds of ineffective assistance of counsel and one ground of cumulative error.

In ground two of his motion, Sandoval argued that his trial counsel was ineffective by failing to move to sever charges one through five (one count of lewd and lascivious molestation and four counts of promoting sexual performance of a child under twelve) from six through sixty-five (sixty counts of possession of sexual performance of a child). The postconviction court concluded that the charges were related in an episodic sense because all items were recovered during the execution of one search warrant at Sandoval's home.

Generally, "[t]wo or more offenses . . . may be charged in the same indictment or information in a separate count for each offense, when the offenses . . . are based on the same act or transaction or on 2 or more connected acts or transactions." Fla. R. Crim. P. 3.150(a). "When the charges are based upon similar but

2

separate episodes which are connected only by the accused's alleged guilt, joinder (or consolidation) is improper." *Roark v. State*, 620 So. 2d 237, 239 (Fla. 1st DCA 1993). "[I]n child sexual molestation cases, motions to sever should be granted where offenses occurred at different times and places, involving different victims." *Id.*; *Ghent v. State*, 685 So. 2d 72 (Fla. 1st DCA 1996) (holding trial court erred in denying defendant's motion to sever where defendant was charged with three counts of sexual battery committed upon a child of less than 12 years of age, involving two victims; offenses against each victim were related only in that they were sex offenses occurring during same summer, and were not linked in episodic sense).

In *Burnett v. State*, 973 So. 2d 1203, 1204 (Fla. 2d DCA 2008), the Second District remanded the postconviction court's summary denial of the defendant's claim of ineffective assistance of counsel for failing to sever the possession of child pornography charges from the lewd or lascivious conduct charges. The court held that while the pornographic images were discovered in the same place as the videotape, they may represent a separate source, time, and occurrence wholly unrelated to the events that took place on the videotape. *Id.* The appellate court determined that the postconviction court failed to explain or to demonstrate through record attachments how or whether these incidents were related or whether they occurred in an episodic sense. *Id.*

Here, the fact that the images were all found during one search at Sandoval's residence does not cause the charges to be linked in an episodic sense. There were at least two separate victims, the images in charges one through five came from a different source and time than the images found in the remaining sixty charges and were unrelated to each other. Under certain circumstances, defense counsel's agreement to consolidation can constitute a reasonable trial strategy. *See Hanna v. State*, 970 So. 2d 385, 386 (Fla. 3d DCA 2007); *Johnson v. State*, 942 So. 2d 415, 416 (Fla. 2d DCA 2006). However, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. *Williams v. State*, 872 So. 2d 396, 397 (Fla. 1st DCA 2004).

Because Sandoval's claim that defense counsel's strategy for failing to move to sever the charges is not conclusively refuted by the record and Sandoval sufficiently alleged prejudice, we reverse the postconviction court's summary denial of this claim and remand for an evidentiary hearing. In all other respects, we affirm.

REVERSED and REMANDED for evidentiary hearing on ground two. AFFIRMED as to remaining claims.

LAMBERT and JAY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————