**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard J. HONIGMAN, Defendant–Appellant.**

No. 80–1036.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 1980.

· Decided Dec. 16, 1980.

Rehearing Denied Feb. 11, 1981.

Marshall W. Krause, Krause, Timan, Baskin, Shell & Grant, Larkspur, Cal., for defendant–appellant.

Sanford Svetcov, Asst. U.S. Atty., San Francisco, Cal., for plaintiff–appellee.

Before DUNIWAY and CHOY, Circuit Judges, and KASHIWA,* Judge, United States Court of Claims.

DUNIWAY, Circuit Judge:

Richard Honigman appeals from a judgment of conviction of conspiracy to distribute LSD, a controlled substance, in violation of 21 U.S.C. § 846 and of possession with intent to distribute LSD in violation of 21 U.S.C. § 841(a)(1). The issue on appeal is whether the district court erred in denying a motion to suppress evidence that was the product of a warrantless search. We affirm.

In *Arkansas v. Sanders*, 1979, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed. 235, the Court held that a warrantless search of luggage properly seized from a car trunk could not be justified under the "automobile exception" to the warrant requirement, and did

not fall within any other exception to that requirement. The Court noted, however, that "[n]ot all containers and packages found by police during the course of a search will deserve the full protection of the Fourth Amendment.... There will be difficulties in determining which parcels taken from an automobile require a warrant for their search and which do not." *Id.* at n.13, pp. 764–65, 99 S.Ct. at n.13, pp. 2593–94. In his dissent, Justice Blackmun warned that the Court's opinion left "hanging in limbo, and probably soon to be litigated ... the briefcase, the wallet, the package, the paper bag and every other kind of container." 442 U.S. at 768, 99 S.Ct. at 2595 (Blackmun, J., dissenting).

Justice Blackmun was all too prescient. Appellate courts have now considered whether or not an expectation of privacy adheres to a suitcase, a briefcase, a portfolio, a purse, a wallet, a duffle bag, a backpack, a gym bag, a tote bag, a travel bag, a guitar case, an envelope, a plastic bag, an unsealed department store box, and a paper bag, with by no means unanimous results. See cases collected in *United States v. Ross*, D.C.Cir., 1980 (No. 76–1624, April 17, 1980). We wonder what James Otis would have thought of such results of his thunderings against Writs of Assistance!

### I. *The Facts.*

This case involves a paper bag. Drug enforcement agents had probable cause to believe that Honigman and one Burford were the source of LSD that an agent was trying to buy. A delivery was to be made in the parking lot of a Safeway store. Honigman was walking through the lot, carrying a paper Safeway bag. He was arrested and ordered to freeze. He placed the paper bag on the ground. He was then searched, handcuffed, taken to the police vehicle a few feet away, and placed in the rear seat. The arresting officer then retrieved the paper bag and carried it into the front seat of the vehicle. All of this took no more than two minutes. The officer looked into the open bag and saw another opaque paper

---

* The Honorable Shiro Kashiwa, Judge, United States Court of Claims, sitting by designation.

bag inside. Feeling the contents of the inner bag and finding them hard, the officer opened the inner bag and found three amber colored vials which proved to contain LSD in crystal form.

Honigman moved to suppress this evidence. The trial court denied the motion, holding that the search was incident to Honigman's arrest. Honigman was found guilty after a trial to the court.

## II. *The Merits.*

Honigman argues that the warrantless search of the paper bag that he was carrying violated his rights under the Fourth Amendment and that the evidence discovered as a result of this search should have been suppressed.

In *United States v. Mackey*, 9 Cir., 1980, 626 F.2d 684, we held that a paper bag placed under the seat of a car is an "item demanding and deserving no more privacy than any other part of the automobile." We noted that "[a] paper bag is among the least private of containers. It is easily torn, it cannot be latched, and, to a greater extent than most containers, its contents can frequently be discerned merely by holding or feeling the container." *Id.* at 687. We concluded that if the paper bag had been properly seized, it might also be searched: the defendant "did not possess a sufficient privacy interest in the paper bag to justify imposing the warrant requirement of [*United States v.*] Chadwick [1977, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538] and *Sanders.*" *Id.* The District of Columbia Circuit has reached the same conclusion in another case involving a paper bag. *United States v. Ross, supra.*

We believe that *Mackey* governs the result in this case. There is, and can be, no doubt here that the officer acted properly in seizing the bag. Nor is the fact that the bag was seized from Honigman rather than from an automobile as in *Mackey* a basis on which to distinguish the cases. The *Sanders* Court ruled that "the extent to which the Fourth Amendment applies to containers and other parcels depends not at all upon whether they are seized from an automobile."

It is a prerequisite to search of a paper bag that the officer obtain possession of it lawfully. We thus are not opening the contents of every shopper's paper bag to official scrutiny, nor permitting the hand of law enforcement to enter every brown bagger's lunch.

Finally, we reject Honigman's argument that we may not consider whether or not he had an expectation of privacy in the paper bag because this argument was not made before the district judge. "The prevailing party may, of course, assert in a reviewing court any ground in support of his judgment, whether or not that ground was relied upon or even considered by the trial court." *Dandrige v. Williams*, 1970, 397 U.S. 471, 475 n.6, 90 S.Ct. 1153, 1156, n.6, 25 L.Ed.2d 491.

We therefore affirm on the basis of our decision in *Mackey*. We do not reach the question of whether the warrantless search of the bag was also justified as incident to Honigman's arrest.

Affirmed.