614 So.2d 672 (1993)
Jerry L. KULICK, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03382.
District Court of Appeal of Florida, Second District.
March 3, 1993.
*673 James Marion Moorman, Public Defender, and James C. Banks, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Acting Chief Judge.
Jerry L. Kulick has appealed from his conviction and sentence for two counts of robbery with a weapon, raising several issues, only one of which has merit. Kulick was sentenced as a habitual felony offender. It appears from the record that the trial court acted with the belief that sentencing under sections 775.084(4)(a)(1) and (b)(1), Florida Statutes (1991), was mandatory rather than permissive. Following Kulick's sentencing the supreme court rendered its opinion in Burdick v. State, 594 So.2d 267 (Fla. 1992), holding that sentencing under those statutes is permissive. Accordingly, we reverse the sentence and remand for the judge to sentence him to an appropriate term in light of Burdick. See Walsingham v. State, 602 So.2d 1297 (Fla. 1992).
In regard to his convictions, Kulick has raised one point that requires some discussion. He claims that the trial court erred when his attorney was prevented from having him stand up before the jury during closing argument to display his tattoos and the scar on his lip, none of which were mentioned by the eyewitnesses in their identifications. The trial court sustained the prosecutor's objections, holding that such a display was testimonial and that the time for the defense to present testimony had passed. Kulick maintains that the trial court erred because the proposed demonstration was nontestimonial.
We agree with Kulick that a display of tattoos or scars does not subject the defendant to cross examination, and we recently reaffirmed that view in Petitt v. State, 612 So.2d 1381 (Fla. 2d DCA 1992). In Petitt, however, unlike this case, the failure to allow the revelation was reversible because the defense attorney made an appropriate request to display his client's tattoos but declined to do so only because the judge told him that Petitt would consequently be subject to cross examination. In Petitt we relied upon United States v. Bay, 762 F.2d 1314 (9th Cir.1984), which discusses not only the nontestimonial nature of the exhibition but also the need for a foundation to be laid before evidence of tattoos or other body marks can be admitted. It is incumbent upon the defense to make a showing, through appropriate witnesses, that the tattoos were present at the time of the crime. In this case, because the defense attorney attempted such demonstration at a procedurally inappropriate time  during closing argument  without prior permission, he essentially attempted to offer evidence without a proper foundation. Had the foundation been laid and the display permitted, the attorney would have then been free to argue the point during closing. See Bay, 762 F.2d at 1315-16. Although in Petitt we remanded for the taking of further foundational evidence, we find that remedy inappropriate in this case where the defense attorney essentially tried to sandbag the prosecution and offer evidence at a time reserved for argument.
Affirm convictions, reverse and remand for resentencing.
PATTERSON and BLUE, JJ., concur.