BENTON, Judge.
Convicted of shooting into a building and of aggravated assault with a firearm, Richard Whittington appeals, claiming that the trial court erred in ruling that he would be “testifying,” and so subject to impeachment, if he displayed his tattoos to the jury. We conclude that a new trial is necessary unless, on remand, he fails to establish that he had the tattoos at the time of the shooting.
Evidence at trial established that appellant was one of three young men who appeared uninvited at the victim’s house. She testified that it was Whittington who pointed a gun at her; and that she heard a gun fire just as she turned her head. Testimony that Whittington was not wearing a shirt was uncontroverted. The victim testified that she did not see marks of any kind on the gunman.
At trial, Whittington sought leave to display his tattoos, of which he purportedly has several, to the jury. The trial court ruled that if Whittington showed the jury his tattoos, the state could cross examine him, even if he did not testify.* In order to avoid cross examination, Whittington did not display his tattoos to the jury. Deliberating without knowledge of the tattoos, the jury found Whittington guilty of shooting into a building and aggravated assault with a firearm.
On appeal, the state concedes that a display of tattoos is not testimonial in nature, and should not have subjected Whittington to cross examination. Macias v. State, 515 So.2d 206, 209 (Fla.1987). The state argues, however, that Whittington’s failure to prove (or to proffer evidence) that he had the tattoos at the time of the shooting precludes reversal. But the trial court ruled that Whit-tington would be subject to cross examination if he displayed his tattoos, without regard to predicate. The prosecution never objected on grounds of inadequate foundation.
*1348 In United States v. Bay, 762 F.2d 1314 (9th Cir.1984), the trial court had ruled that, if Bay showed his tattooed hands to the jury, he would be subject to cross examination. On appeal, the Government argued that Bay’s conviction should be affirmed, because no foundation for showing the tattoos had been proven. The Bay court rejected the Government’s argument.
In its first petition for a rehearing, the government argued that there was no foundation for showing the tattoos. Because the court ruled that the exhibition of the tattoos was testimonial, neither government counsel nor the judge raised lack of a foundation for the display of the tattoos as a basis for the court’s ruling. No objection was made that there was no showing that the tattoos were on the defendant’s hands at the time of the robberies. A foundation must be laid for the introduction of evidence, but if, when evidence is offered, there is no objection based on lack of a foundation, and the evidence is received, the point is not available on appeal. United States v. Valdivia, 9 Cir., 1973, 492 F.2d 199, 208. See also F.R.Evid. 103(a)(1); 1 Wigmore on Evidence, § 18 (Tiller’s Revision, Vol. I), at 818. The government urges us to affirm for lack of foundation for the offer of the tattoos, invoking the rule that we “must affirm if the result is correct, although the lower court relied upon a wrong ground or gave a wrong reason,” United States v. Best, 9 Cir., 1978, 573 F.2d 1095, 1100-01. See also United States v. Honigman, 9 Cir., 1980, 633 F.2d 1336, 1338; United States v. Bacall, 9 Cir., 1971, 443 F.2d 1050, 1055-56. However, in none of these eases were we called upon to affirm the exclusion of evidence on grounds never raised by the appellee before the trial court or by the trial judge. To do so here would be quite unfair.
Id. at 1316-17. Bay is procedurally identical to the present case. The Bay court’s analysis applies equally in the present case, and dictates the same result.
Other Florida decisions have made the rule followed in Bay the law of Florida on this point. In a case indistinguishable from the present case, the Second District Court of Appeal remanded for the taking of further evidence on whether the defendant had tattoos at the time the crime occurred, citing Bay. Pettit v. State, 612 So.2d 1381 (Fla. 2d DCA 1992); accord Smith v. State, 574 So.2d 1195, 1196 n. 3 (Fla. 3d DCA 1991). In Pettit, as here, defense counsel refrained from demonstrating the tattoos because of the trial court’s ruling that the defendant “would be subject to cross examination, including questions regarding his felony convictions.” Id. at 1382.
At one point, defense counsel acknowledged the need to establish a predicate. But she did not undertake to do so because the trial court’s ruling never made lack of a predicate material. The state made no objection that Whittington had not established the necessary predicate nor any suggestion that the defense would be unable to do so. We align ourselves with the Second and Third Districts in concluding that the proper remedy here is to give Whittington an opportunity to put on evidence that he had the tattoos at the time of the shooting. On remand, if Whittington is able to establish that he had the tattoos at the time of the shooting, the trial court should grant a new trial.
The case is remanded to the trial court for further proceedings consistent with this opinion.
ERVIN and MINER, JJ., concur.

The following occurred in chambers:
MS. CLAYTON: Judge, Mr. Whittington has advised me that he does not want to testify.
THE COURT: Okay.
MS. CLAYTON: However, we did want him to display his tattoos to the jury. I had asked Ms. Davis if she saw any markings of any type on his upper body and he has a good number of tattoos.
THE COURT: That’s testifying.