PER CURIAM.
We reverse defendant’s convictions and hold that the trial court erred in denying defendant’s motion to display his tattooed arms and lack of a thumb to the jury. Smith v. State, 574 So.2d 1195 (Fla. 3d DCA 1991), aff'd on other grounds, sub nom. State v. Washington, 594 So.2d 291 (Fla.1992); United States v. Bay, 762 F.2d 1314 (9th Cir.1984). Defense counsel advised the court that she was prepared to offer the testimony of family members to the effect that defendant had the tattoos on the date of the incidents charged in the information. This would have been an adequate predicate for the display defendant requested. Whittington v. State, 656 So.2d 1346 (Fla. 1st DCA 1995); Kulick v. State, 614 So.2d 672 (Fla. 2d DCA 1993); Pettit v. State, 612 So.2d 1381 (Fla. 2d DCA 1992). On remand, if defendant establishes that he had the tattoos on the dates in question, the trial court should grant a new trial. Whittington; Pettit.
Remanded for further proceedings.