WEBSTER, Judge,
concurring in part and dissenting in part.
I agree with the majority that it was error to refuse to permit appellant to exhibit his knees to the jury unless appellant took the stand. Whittington v. State, 656 So.2d 1346 (Fla. 1st DCA 1995). However, I am unable to agree that it is apparent from the record that the error was harmless. Accordingly, I would reverse, and remand for a new trial.
Although the majority would make it appear otherwise, this ease turned on whether the jury found the testimony of Officer Peterson, the undercover officer who made the buy, to be credible. (Neither of the other officers referred to in the majority opinion was present during the buy.) Officer Peterson was confident that he had purchased the cocaine from appellant. Appellant’s defense was one of misidentification.
The state did not dispute at trial that appellant had scars on his knees at the time of the alleged buy. Appellant wished to show his knees to the jury as a part of his misidentification defense. It is possible that the scars are of such a nature that, upon seeing them, the jury would have immediately concluded that it was not at all unusual for Officer Peterson not to have noticed them. However, it is equally possible that the scars are either so large or so grotesque .that, upon seeing them, the jury would have immediately concluded that a person possessing normal vision could not have helped but notice them and that, therefore, Officer Peterson must have been mistaken in his identification. We shall never know which is the case because the trial court incorrectly ruled that appellant would be testifying if he showed his knees to the jury, thereby forcing appellant to make a Hobson’s choice. It seems to me that the jury might well have concluded that, had the scars been particularly noticeable, appellant would have displayed them. I fail to see how this could be harmless error.