PER CURIAM.
Appellant challenges the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court failed to attach portions of the record to conclusively refute appellant’s *272 claim that his counsel was ineffective for failing to interview and call Janine Johnson as an alibi witness, we reverse and remand for the trial court to either support its summary denial with record excerpts conclusively establishing that appellant is entitled to no relief or to conduct an evidentiary hearing on this claim. We affirm the trial court’s summary denial of appellant’s other claims without further discussion.
Appellant was convicted of one count of first-degree murder, one count of attempted second-degree murder, two counts of attempted robbery with a firearm, and one count of shooting at or within an occupied vehicle. According to the State’s Adult Predisposition Report for Delinquency, the crimes occurred at approximately 4:00 a.m. on September 14, 1993. This Court per curiam affirmed appellant’s convictions and sentences. See Crumitie v. State, 698 So.2d 840 (Fla. 1st DCA 1997).
Subsequently, appellant filed the present motion, in which he alleged that his counsel was ineffective for failing to call two alibi witnesses whose testimony would have served to exonerate him. However, in his initial brief, appellant limited this argument to only one of these alleged alibi witnesses, Janine Johnson, his aunt. According to appellant, Johnson, who was allegedly at home with appellant on September 13-14, 1993, from the hours of 8:00 p.m. to 6:00 a.m., would have testified that she was at home with appellant on the morning on which the crimes occurred. The trial court, obviously under the mistaken impression that Janine Johnson was appellant’s mother, found that the following exchange between the State and appellant during his trial conclusively refuted appellant’s claim:
Q: Back in September of 1993, who were you living with?
My mother and my sister and my auntie.
And back in September of 1993, what was your bedtime on a school night? <3*
Usually 10 or 10:30.
Were there any little kids that were staying in the house with you?
Yes, ma’am.
And how old are they?
My two sisters, one was 14 and one was 13.
Did they have a bedtime on school nights? i©
Yes.
What was their bedtime?
9:00 p.m.
On the night that the people were shot out on 1-10, say from, oh 8 or 9:00 on, where were you?
I was at home. t>
Was your mom home? <£>
At that time, she was there about 8 p.m., And then she left to go out. i>
And did you see her come home that night?
No, ma’am. She had came in pretty late, but I stayed up late, later than my bedtime because she wasn’t there.
And was she home yet when you had gone to bed or had you already gone to bed? &
I had already gone to bed when she got there.
Do you know what time your sisters went to bed that night? e©
Yes, ma’am. t>
What time did they go to bed? cO
9:00 p.m. i>
The morning after that shooting, did you go to school? .O
Yes, ma’am.
*273 Following the trial court’s summary denial, in which it attached a copy of this exchange, appellant filed a Motion for Rehearing, which the trial court denied. Appellant subsequently filed a Petition for Writ of Habeas Corpus for a Belated Appeal, which this Court granted. See Crumitie v. State, 794 So.2d 694 (Fla. 1st DCA 2001). This appeal followed.
For this Court to uphold the trial court’s summary denial of the claims raised in a rule 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. See Peede v. State, 748 So.2d 253, 257 (Fla.1999); see also Fla. R.Crim. P. 3.850(d). Furthermore, when no evidentiary hearing is conducted on such claims, this Court must accept the appellant’s factual allegations to the extent they are not refuted in the record. See Peede, 748 So.2d at 257. In order to assert a facially sufficient claim that counsel was ineffective for failing to call an alibi witness, an appellant must identify the witness, the content of the witness’s expected testimony, and assert how he was prejudiced by the omission of the witness’s testimony. State v. Pelham, 737 So.2d 572, 573 (Fla. 1st DCA 1999).
Here, appellant identified Janine Johnson as a potential alibi witness. Appellant alleged that Johnson would have testified that appellant was at home with her on the morning that the crimes occurred. Appellant further alleged that while Johnson’s testimony would have served to exonerate him, he is instead serving a life sentence. As such, appellant’s claim was facially sufficient.
Contrary to the trial court’s finding, the previous exchange does not conclusively refute appellant’s allegations. Within that exchange, appellant testified that he lived with his mother, whose name, according to the pre-sentence investigation sheet, is Susie Mae Johnson, his sister, and his aunt. According to appellant, Janine Johnson is the aunt he referred to in his testimony. In its response to an order issued by this Court pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), the State conceded that it had assumed that Janine Johnson was appellant’s mother, and that it appeared that the trial court did not consider appellant’s claim regarding his aunt.
Accordingly, because the trial court’s attachments do not conclusively refute appellant’s claim, we reverse the summary denial of appellant’s claim that his counsel was ineffective for failing to interview and call Janine Johnson as an alibi witness, and remand for the trial court to either support its summary denial with record excerpts conclusively establishing that appellant is entitled to no relief or to conduct an evidentiary hearing on this claim. We otherwise affirm the trial court’s order.
AFFIRMED in part; REVERSED in part; and REMANDED.
BARFIELD, BROWNING and LEWIS, JJ., Concur.