PER CURIAM.
Luis Ramirez appeals his conviction for aggravated battery. We affirm.
Defendant-appellant Ramirez was charged with slashing the victim with a sword. The victim and other witnesses testified during the State’s case in chief. The defense called a witness in support of its defense of mistaken identification.
Over State objection, the defendant was allowed to show the jury the tattoos on his arms. The State had objected at sidebar that there was no proper predicate for this demonstration, because there was no evidence that the defendant had the tattoos on the date of the charged crime, and *1148 there was no mention of the tattoos in the arrest documentation.
After the defendant showed the tattoos to the jury, the trial court reconsidered and concluded that the State’s objection had been well taken. “It is incumbent upon the defense to make a showing, through appropriate witnesses, that the tattoos were present at the time of the crime.” Kulick v. State, 614 So.2d 672, 673 (Fla. 2d DCA 1993); see also Miller v. State, 667 So.2d 1009 (Fla. 3d DCA 1996).
Out of the presence of the jury, the court ruled that the State would be allowed to comment in closing argument regarding the absence of a predicate showing that the defendant had the tattoos on the date of the charged crime. The State pointed out that the defendant’s mother was present in the courtroom, and could lay the proper predicate if the defense so desired. The defense did not call the mother as a witness or otherwise establish the predicate.
During closing argument the State argued the absence of any evidence that the defendant had the tattoos on the day of the crime. The defense objection and motion for mistrial were denied. From his conviction, the defendant has appealed.
We conclude that the State’s argument was not fairly susceptible of being a comment on the defendant’s failure to testify, or to call witnesses. See Dufour v. State, 495 So.2d 154, 160 (Fla.1986); see also Rodriguez v. State, 753 So.2d 29, 39 (Fla.2000). The argument was phrased permissibly in terms of an absence of testimony from the witness stand.
Further, allowing comment on the lack of a proper predicate was a permissible remedy under the circumstances present here. Finally, “a party may not make or invite error at trial and then take advantage of the error on appeal.” Czubak v. State, 570 So.2d 925, 928 (Fla.1990) (citations omitted).
Affirmed.