PER CURIAM.
Appellant seeks review of a final order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking postconviction relief. We affirm the summary denial as to seven of the nine grounds raised by appellant without further discussion. However, because the trial court’s order does not conclusively show that appellant is entitled to no relief on two of the grounds raised, we are constrained to reverse the summary denial as to them, and to remand for further proceedings.
The trial court’s order failed entirely to address a portion of one claim, which asserted that trial counsel had been ineffective because he failed to have appellant speak at trial, so that the victim might hear his voice. According to appellant, had counsel done so, the victim (who was unable to identify appellant in court as her attacker) would have testified, that appellant’s voice was not that of her attacker. Those allegations were legally sufficient, and the trial court should have addressed them.
The trial court also denied a claim that trial counsel had been ineffective because he failed to have appellant display his tattooed arms to the jury. According to appellant, the victim had testified that her attacker had no tattoos on his arms. The trial court concluded that this was a reasonable trial tactic because, had trial counsel done so, he would have forfeited the right to first and last closing arguments, and subjected appellant to cross-examination. “[A] finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing.” E.g., Robinson v. State, 637 So.2d 998, 999 (Fla. 1st DCA. 1994) (citations omitted). Moreover, we note that the trial court’s assumption that simply displaying appellant’s tattoos to the jury would have forfeited first and last closing arguments and subjected appellant to cross-examination is erroneous' as a matter of law. See, e.g., Whittington v. State, 656 So.2d 1346, 1347 (Fla. 1st DCA 1995) (“a display of tattoos is not testimonial in nature,” and does not subject the defendant to cross-examination) (citing Macias v. State, 515 So.2d 206 (Fla.1987)).
We reverse the summary denial of the two grounds addressed in this opinion, and remand for further proceedings. If the trial court determines that summary denial of these two grounds is appropriate, it shall attach to its order portions of the record that conclusively show appellant is entitled to no relief. Otherwise, it shall hold a hearing. We affirm the summary denial of the remaining grounds asserted in’ appellant’s motion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
KÁHN, WEBSTER and BROWNING, JJ., concur.