PER CURIAM.
Appellant, Efrain ■ Maldonado, appeals the order summarily denying-relief as to Ground 4 of his postconviction relief -motion filed pursuant to' Florida Rule of Criminal Procedure 3.850. In Ground 4, Appellant alleged that trial counsel was ineffective in failing to investigate and depose thle emergency room physician who treated the victim and who testified at trial that, in his experience, elbow dislocation, which the victim suffered, was not likely to occur from a fall. We agree with Appellant that the record does not conclusively refute his claim of ineffectiveness, and we reject the State’s contention that trial counsel’s decision not to depose the physician was “necessarily a reasonable strategic decision.” See Wainwright v. State, 896 So.2d 695, 698 (Fla.2004) (explaining that a defendant is entitled to an evidentia-ry hearing on a postconviction relief claim unless the motion and record conclusively show that he or she is entitled to no relief or where the claim is legally insufficient); see also Jackson v. State, 975 So.2d 485, 486 (Fla. 2d DCA 2007) (“Although strategic decisions generally do not constitute ineffective assistance of counsel, an eviden-tiary hearing may be necessary to determine whether counsel’s decisions were the product of strategy or ineptitude.”); Williams v. State, 872 So.2d 396, 397 (Fla. 1st DCA 2004) (“ ‘[A] finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing.’ ”) (Citation omitted).
Accordingly, we reverse the order on appeal and remand with instructions that the trial court either attach portions of the record conclusively refuting Ground 4 or conduct an evidentiary hearing on the claim. .
- REVERSED and REMANDED with instructions.
LEWIS, C.J., RAY and KELSEY, JJ.-, concur.