IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES ROBERT WATERS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4936

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Duval County.
Suzanne Bass, Judge.

Michael Ufferman, of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

SWANSON, J.

     James Robert Waters appeals his convictions and sentences for manslaughter and possession of a firearm by a convicted felon. Under both points raised on appeal, Waters urges fundamental error occurred in the giving of select standard jury instructions bearing on his claim of self-defense as provided in section

776.013(3), Florida Statutes (2012), Florida's "Stand Your Ground" law. Any claim of fundamental error in the giving of jury instructions, however, can be waived "[b]y [the defendant's] affirmatively requesting the instruction he now challenges[.]" Armstrong v. State, 579 So. 2d 734, 735 (Fla. 1991) ("Fundamental error may be waived where defense counsel requests an erroneous instruction[.]"); see also Joyner v. State, 41 So. 3d 306, 307 (Fla. 1st DCA 2010) (holding defendant could not claim fundamental error under State v. Montgomery, 39 So. 3d 252 (Fla. 2010), "because the defense not only failed to object to the standard jury instruction on manslaughter, he specifically agreed to that instruction at the charging conference and incorporated the instruction into his closing argument to the jury"). Here we find the record establishes that Waters waived both claims of fundamental error by unequivocally requesting the instructions he now challenges, and by incorporating those instructions in his closing argument.

Alternatively, we conclude that any error the trial court may have committed in giving either of the challenged instructions did not vitiate Waters' trial by negating his only theory of defense, thereby rendering his trial fundamentally unfair. Waters' defense was *not* that he had *no* duty to retreat, but that the victim had thwarted his every effort to flee the escalating violence, leaving him no option but to use deadly force because the force asserted against him by the victim "was so great that he reasonably believed he was in imminent danger of death or great

2

bodily harm." In this regard, the instructions as given would not have precluded the jury from finding, under the evidence presented, that Waters' use of deadly force was justifiable, had it believed retreat was futile and Waters "was in imminent danger of death or great bodily harm." Cf. Garrett v. State, 148 So. 3d 466, 471 (Fla. 1st DCA 2014) ("Despite the improper instruction, we do not conclude that the error reached down into the validity of the trial so as to render Garrett's trial fundamentally unfair. When the entirety of the jury instructions relating to Garrett's claim of self-defense are considered, the jury was not precluded from considering Garrett's affirmative defense, regardless of his unlawful activity."). See also, Pean v. State, 154 So. 3d 1171, 1171 (Fla. 4th DCA 2015) (affirming and citing Garrett).

AFFIRMED.

RAY and MAKAR, JJ., CONCUR.