# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4027

_____

LARRY E. O'STEEN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

May 16, 2018

B.L. THOMAS, C.J.

Larry O'Steen appeals the summary denial of a claim raised in his motion for postconviction relief, arguing that the lower court failed to address a portion of his claim. We agree, and reverse and remand for the court to consider the claim.

In 2010, Appellant was convicted of burglary of an unoccupied structure and sentenced as an habitual felony offender to ten years' imprisonment. The conviction arose from the burglary of a locked shed at a used car lot, and Appellant was identified as the burglar based solely on a fingerprint found on a car part box located inside the shed. This Court affirmed the judgment and sentence without opinion. *Osteen v. State*, 96 So. 3d 889 (Fla. 1st DCA 2012) (table decision).

Appellant filed an amended motion for postconviction relief, alleging several grounds. In Ground 13, Appellant raised a claim about the fingerprint evidence presented in the case, asserting that the witness's inability to identify the specific type of box on which the print was found interfered with the chain of custody, thus making the fingerprint inadmissible. Appellant also asserted in Ground 13—albeit inartfully—that he was prejudiced by his trial counsel's deficiency in failing to argue for judgment of acquittal based on the lack of evidence showing "where exactly box was bought from, how long business has been in possession of box, who bought the box or had it in their possession." With regard to this argument, Appellant cited the principle of law that "when a fingerprint is the only evidence on a person, it has to be showed the only way the fingerprint could have got there was when the crime at question was committed." *See, e.g., Miles v. State*, 466 So. 2d 239, 239 (Fla. 1st DCA 1984) ("The law is clear that, where fingerprint evidence is relied upon to establish that the defendant committed the crime, the circumstances must be such that the print could have been made only at the time the crime was committed.").

In summarily denying Ground 13, the postconviction court addressed only the chain of custody issue, but did not discuss counsel's failure to specifically challenge the sufficiency of the fingerprint evidence. Nor did the court attach portions of the record showing that counsel made an adequate motion raising the issue.

In order to uphold the summary denial of claims raised in a motion pursuant to Florida Rule of Criminal Procedure 3.850, "the claims must be either facially invalid or conclusively refuted by the record." *Crumitie v. State*, 842 So. 2d 271, 273 (Fla. 1st DCA 2003). Where the postconviction court fails to address a facially sufficient claim, the matter must be reversed and remanded for reconsideration. *Gore v. State*, 100 So. 3d 177, 177-78 (Fla. 2d DCA 2012) ("[B]ecause the trial court failed to address one portion of Gore's third claim and the attached portions of the record do not conclusively refute the claim, we reverse the summary denial of that claim.").

Here, Appellant presented a legally cognizable and facially sufficient claim. *See Jacobs v. State*, 880 So. 2d 548, 550 (Fla. 2004) (holding that a postconviction claim is facially sufficient if it "sets out a cognizable claim for relief based upon the legal and factual grounds asserted"); *Neal v. State*, 854 So. 2d 666, 670 (Fla. 2d DCA 2003) (explaining that a claim of ineffective assistance for failure to make an adequate motion for judgment of acquittal is cognizable under rule 3.850). Accordingly, because the court did not address the claim and did not attach portions of the record conclusively refuting it, we reverse and remand for further proceedings.

REVERSED and REMANDED.

WOLF and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Larry O'Steen, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.