# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3653

_____

JAMES WATERS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

March 28, 2019


PER CURIAM.

The appellant raises five issues on appeal from the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We affirm Issues I, III, IV, and V without comment. We reverse and remand Issue II for an evidentiary hearing.

In 2012, the appellant was charged with second-degree murder, and he proceeded to trial in July 2013. At trial, the appellant, a convicted felon, admitted to carrying a gun, but claimed he shot the victim in self-defense. The trial court granted a motion for judgment of acquittal on second-degree murder, and the case went to the jury on the lesser offense of manslaughter. The parties struggled with the proper jury instruction for a defendant engaged in unlawful activity and ultimately agreed on

certain standard jury instructions. The jury convicted the appellant of manslaughter and possession of a firearm by a convicted felon.

On appeal, the appellant argued the trial court's conflicting jury instructions amounted to fundamental error. This Court affirmed, finding the appellant had waived both claims of fundamental error by requesting the instructions he was challenging. *Waters v. State*, 174 So. 3d 434, 435 (Fla. 1st DCA 2015) (*Waters I*). In the alternative, this Court concluded that any error in the instructions did not negate the appellant's only theory of defense because his defense "was *not* that he had *no* duty to retreat, but that the victim had thwarted his effort to flee the escalating violence, leaving him no option but to use deadly force because the force asserted against him by the victim 'was so great that he reasonably believed he was in imminent danger of death or great bodily harm.'" *Id.* Thus, the instructions as given would not have precluded the jury from finding, under the evidence presented, that the appellant's use of deadly force was justifiable. *Id.*

After his judgment and sentence was affirmed, the appellant filed a timely rule 3.850 motion. Claim one argued defense counsel was ineffective for failing to object to the jury instructions. Embedded within claim one were several sub-claims wherein the appellant argued counsel was ineffective for: convincing him not to pursue a Stand Your Ground defense under section 776.012, Florida Statutes (2012); failing to move to sever the possession of a firearm by a convicted felon charge; and failing to file a pretrial motion for Stand Your Ground Immunity under section 776.032, Florida Statutes (2012). The postconviction court summarily denied claim one, finding *Waters I* had already concluded any error in the challenged instructions did not vitiate the appellant's trial by negating his only theory of defense. The court found the same reason applied to the appellant's allegation that trial counsel was ineffective for failing to object to the instructions. The order did not address the sub-claims.

In Issue II on appeal, the appellant argues the postconviction court erred in ignoring his sub-claims, which should have been ruled upon, or if deemed insufficient, should have been remanded

with the opportunity for him to amend his motion under *Spera v. State*, 971 So. 2d 754 (Fla. 2007). We review the order summarily denying postconviction relief without an evidentiary hearing *de novo* and will affirm only where the appellant's claims are facially invalid or conclusively refuted by the record. Where no evidentiary hearing is held below, this Court must accept the defendant's factual allegations to the extent they are not refuted by the record. *McLin v. State*, 827 So. 2d 948, 954 (Fla. 2002). *See also* Fla. R. App. P. 9.141(b)(2)(D).

Within claim one, the appellant raised a facially sufficient sub-claim that trial counsel should have pursued Stand Your Ground immunity under section 776.012. As to deficiency, he alleged that counsel was ineffective when the evidence existed to support such a defense. *Cf. Andujar-Ruiz v. State*, 205 So. 3d 803 (Fla. 2d DCA 2016) (granting a petition for ineffective assistance of appellate counsel on the basis counsel was ineffective for failing to argue that fundamental error occurred when the trial court instructed the jury that the defendant had a duty to retreat if he was engaged in unlawful activity, which instruction deprived the appellant of a defense under section 776.012, Florida Statutes (2011)). With regard to the prejudice prong, the appellant asserted that had counsel understood the distinction between section 776.013 and 776.012 and sought immunity from prosecution under section 776.012, the outcome would have been different. A successful motion to dismiss would have shielded the appellant from going to trial. Therefore, this Court's previous finding of no fundamental error in *Waters I* does not apply to undermine the allegation of prejudice.

Because we found potential merit in Issue II, we directed the State to file an answer brief pursuant to *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986). The State responded that counsel's decision not to pursue immunity was likely strategic because a motion for immunity could have resulted in additional inculpatory evidence at trial. Evaluation of whether counsel's decision was strategic typically requires an evidentiary hearing unless the strategy is so apparent on the face of the record as to preclude it. *See Maldonado v. State*, 183 So. 3d 1106 (Fla. 1st DCA 2015). We cannot presume counsel acted in a strategic manner here given the rapidly evolving state of the law at the time of the appellant's trial.

3

*Compare State v. Hill*, 95 So. 3d 434 (Fla. 4th DCA 2012) (holding a convicted felon in possession of a firearm was engaged in unlawful activity under section 776.013 and not entitled to Stand Your Ground immunity) *with Little v. State*, 111 So. 3d 214 (Fla. 2d DCA [April 10,] 2013) (certifying a conflict with *Hill* and holding a defense under section 776.012 did not preclude Stand Your Ground immunity).

The postconviction court did not address the appellant's sub-claims nor did it attach portions of the record to conclusively refute the claims; therefore, Issue II should be reversed and remanded for further proceedings. *See O'Steen v. State*, 247 So. 3d 88 (Fla. 1st DCA 2018) (reversing and remanding where postconviction court failed to address defendant's facially sufficient claim of ineffective assistance of counsel).

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.

––––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––––

James Waters, pro se, Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee.

4