970 So.2d 385 (2007)
Shelton Lebronc HANNA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2294.
District Court of Appeal of Florida, Third District.
October 31, 2007.
Shelton Lebronc Hanna, in proper person.
Bill McCollum, Attorney General, for appellee.
Before GREEN, ROTHENBERG and SALTER, JJ.
PER CURIAM.
Shelton Lebronc Hanna, pro se, appeals the denial of his motion to vacate his conviction under Florida Rule of Criminal Procedure 3.850. Hanna alleged ineffective assistance of his counsel in connection with his counsel's decision to oppose the severance of a count for the possession of a firearm by a career criminal from three other counts for armed robbery, armed carjacking and burglary with assault while armed.
Hanna also appeals the trial court's denial of his "Motion to Hold Rule 3.850 Motion in Abeyance for Purposes of Preserving AEDPA Time Frames and Supplementation," which was filed while the Rule 3.850 motion was pending, as well as the denial of his motion to strike the State's response to that motion. Finding no error in any of these rulings, we affirm.
Hanna's motion under Rule 3.850 fails because of the strong presumption that a tactical decision of the sort made by his counsel (and approved by Hanna himself during the proceedings on February 4, 2003) falls within the broad range of professional judgments made by defense counsel preparing a case for trial. That decision exposed Hanna to a single trial rather than two trials, and the pretrial stipulation regarding his status as a three-time convicted felon limited the State's ability to offer extensive details regarding the underlying violent crimes. The record below does not demonstrate that defense counsel's decisions on these matters were objectively unreasonable, and it does not establish that the outcome likely would have been different but for counsel's decisions; see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2062, 80 L.Ed.2d 674 (1984).
Hanna's motion to hold his Rule 3.850 motion in abeyance and his motion to strike the State's response to that motion are based on a flawed assumption. Hanna claims that the limitations period for a post-conviction federal petition might expire while his state remedies are pending, *387 but that is incorrect. Under 28 U.S.C. § 2244(d)(2), that limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review" relating to the underlying judgment.
Affirmed.